# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**September 23, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

JIMMY WAYNE WILSON,                    )
                                       )
    Plaintiff/Appellant,           )
                                       )
JAMES T. FITE, VIVIEN TROY COOK,       )
DEWEY SCOTT FRAZIER, JERRY L.          )
CHILTON, PAUL CARRIER, ET AL.,         )
                                       )
    Plaintiffs,                    )    Appeal No.
                                       )    01-A-01-9706-CV-00266
VS.                                    )
                                       )    Davidson Chancery
STATE OF TENNESSEE, GOVERNOR           )    No. 93C-91
NED RAY McWHERTER, PAROLE              )
ELIGIBILITY REVIEW BOARD &             )
MEMBERS, JIM THRASHER,                 )
JOHN S. WILDER, JIMMY NAIFEH,          )
AND CHARLES BURSON, ET AL.,            )
                                       )
    Defendants/Appellees.          )

## OPINION ON PETITION TO REHEAR

Jimmy Wayne Wilson has filed a pro se request for a rehearing, claiming that this court's opinion of January 16, 1998 is in conflict with well-established principles of law. While Rule 39 of the Rules of Appellate Procedure provides that an appeals court may grant a rehearing in situations where "the court's opinion is in conflict with a statute, prior decision, or other principle of law," Mr. Wilson has not stated any principle of law nor cited any statute that would require us to find that he is entitled to the relief he seeks.

Mr. Wilson does cite a recent case of the United States Supreme Court that was not mentioned in his brief, *Lynce v. Mathis*, __ U.S. __, 117 S.Ct 891, __ L.Ed.__ (1997), which he claims supports his argument that the legislature and the Parole Eligibility Review Board violated the constitutional prohibition against ex post facto laws when they refused to extend to him the accelerated release benefits flowing from the 1989 Criminal Reform Sentencing Act, Tenn. Code Ann. § 40-35-601 et seq.

The *Lynce* case, like the earlier case of *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed 17 (1981), dealt with Florida statutes that reduced the rate at which state inmates could accumulate good and honor time.

Mr. Weaver had been convicted of second-degree murder in 1976. In 1978, the Florida legislature reduced the maximum number of sentence credits that prisoners could earn each month. The Court found the statute in question violated the ex post facto prohibition as to Mr. Weaver, because in changing the formula for sentence reduction credits to his detriment, the statute made the punishment for his crime more onerous than did the statute that was in effect at the time he was sentenced.

Mr. Lynce was convicted of attempted murder in 1986 on a plea of nolo contendere. In 1987 the Florida legislature attempted to address the prison overcrowding problem by creating a new form of overcrowding credit, known as administrative gain-time. Mr. Lynce earned enough sentence reduction credits, including administrative gain-time, to be released in 1992. That same year, the legislature enacted a statute preventing those convicted of murder or attempted murder from earning any administrative gain-time. After Mr. Lynce was released, the Florida attorney-general issued an opinion that the legislature intended the statute to apply retroactively. Mr. Lynce was re-arrested, his administrative gain-time was taken away from him, and he filed a petition for habeas corpus.

After the lower federal courts rejected Mr. Lynce's petition, the Supreme Court took certiorari. In its opinion, the Court extended its interpretation of the ex post facto prohibition beyond its holding in *Weaver,* by rejecting the State's argument that the ex post facto clause did not apply to Mr. Lynce because administrative gain-time was not a part of the law at the time that he was convicted. It appears to us that the decisive factor for the Court was that Mr. Lynce had been actually awarded 1,860 days of gain-time credits before they were retroactively cancelled. The Court's

decision did not affect the application of the statute to prevent certain classes of inmates from receiving administrative gain-time in future.

In reaching its decision the Court specifically distinguished the *Lynce* case from its previous decision in *California Department of Corrections v. Morales,* 514 U.S. 499, 115 S. Ct. 1597, 131 L.Ed 2d 588 (1995). In the *Morales* case, the Court held that an amendment to California's parole procedures that decreased the frequency of parole hearings for certain offenders did not violate the ex-post facto prohibition, because it was speculative at best that Mr. Morales' ultimate date of release would be affected by the change in the timing of the parole hearings.

While the situations of Mr. Morales and Mr. Wilson are not the same (Mr. Morales is a notorious multiple murderer, while nobody is claiming that Mr. Wilson has ever killed anyone), the ex post facto issue argued in the present case is similar to that in the *Morales* case, and not nearly as close to that in the *Lynce* case.

As we stated in our opinion in this case, Tenn. Code Ann. § 40-35-601, et seq. placed the decision to amend or not to amend a habitual criminal's parole eligibility date within the discretion of the Parole Eligibility Review Board. Thus, Mr. Wilson was not deprived of an entitlement to release when the statute was amended to exclude from its provisions those whose triggering offense was an offense against the person. Like Mr. Morales, Mr. Wilson only enjoyed a speculative possibility that he would have been released earlier if not for the change in the law.

Unlike both Mr. Morales and Mr. Wilson, Mr. Lynce had earned enough sentence reduction credits to be entitled to release before the State of Florida took away those credits. Far from enjoying a merely speculative possibility of release, Mr. Lynce had actually been freed upon the completion of his sentence when he was re-arrested. It thus appears to this court that despite the *Lynce* case, Mr. Wilson is not entitled to the relief he seeks.

3

The petition is denied.

4

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE